UNITED STATES DISTRICT COURT
DISTRICT OF MASSCHUSETTS



| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Criminal No. 19cr 10109 |
| v. | ) |
| | ) Violations: |
| AYAZ ALI SHAH, | ) |
| MUHAMAD SIYAB KHAN, and | ) Count One: Conspiracy to Defraud the |
| KHURSHED JEHAN BADSHAH | ) United States (18 U.S.C. § 371) |
| | ) |
| Defendants. | ) Counts Two, Three, Six, and Seven: |
| | ) Willfully Subscribing a False Return |
| | ) (26 U.S.C. §  7206(1)) |
| | ) |
| | ) Counts Four and Five: Aiding and Assisting |
| | ) in the Preparation and Presentation of a |
| | ) False and Fraudulent Return |
| | ) (26 U.S.C. § 7206(2)) |

INDICTMENT

At times relevant to this Indictment:

Certain Relevant Persons and Entitites

1.    Defendant AYAZ ALI SHAH was a resident of Massachusetts.

2.    Defendant MUHAMAD SIYAB KHAN was a resident of Massachusetts.

3.    Defendant KHURSHED JEHAN BADSHAH was a resident of Massachusetts.

4.    Co-Conspirator #1 ("CC-1") was a resident of New York.

5.    New York Fried Chicken and Pizza ("NY Fried Chicken") was a partnership that conducted business at 531 Columbia Road, Dorchester, Massachusetts.  NY Fried Chicken served fried chicken, pizza, and other food items on a carry-out basis.

1

### Background Concerning New York Fried Chicken

6.      In approximately 2004, SHAH, KHAN, BADSHAH, and CC-1 jointly agreed to begin operating NY Fried Chicken in Dorchester, Massachusetts, with SHAH, KHAN, and BADSHAH each holding a 20% ownership interest in the business and CC-1 holding a 40% ownership interest in the business.

7.      Despite the business operating as a partnership, SHAH fraudulently reported the NY Fried Chicken business activities on his U.S. Individual Income Tax Returns (Forms 1040), as a sole proprietorship.

8.      Although KHAN, BADSHAH, and CC-1 each held an ownership interest in NY Fried Chicken, they failed to properly report the income earned from their ownership interests on their respective tax returns.

### Federal Income Taxes

9.      The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury, responsible for administering and enforcing the tax laws of the United States.

10.     The tax laws of the United States required every citizen and resident of the United States, who received gross income in excess of the minimum filing amount established by law for a particular tax year, to annually file with the IRS an individual income tax return, such as Form 1040, or Income Tax Return for Single and Joint Filers with No Dependents (Form 1040EZ) for that tax year, reporting their annual income, deductions and any tax credits they may be entitled to receive.

11.    A Form W-2 (Wage and Tax Statement) was a form used by employers to report wages paid to employees and the taxes withheld from them.  The Form W-2 is submitted to the IRS.

12.    The tax laws of the United States required individuals operating a business as a partnership to file a U.S. Return of Partnership Income, Form 1065, with the IRS each calendar year accurately reporting financial information such as business gross receipts, gains, losses, deductions, credits, and salaries paid.

13.    A Schedule K-1 was attached to the partnership return and apportioned partnership business income and losses proportionately to each partner based on each partner's ownership interest.  At the end of the year, the Schedule K-1 was provided to the IRS and to each partner. Partners reported their share of the partnership's gains or losses on their own individual income tax return.

14.    A Schedule C, Profit or Loss From Business (Sole Proprietorship) was a form attached to a Form 1040, in order to report income or loss from a business the individual operated as a sole proprietor.

The Tax Fraud Scheme

15.    From at least in or about January 2009 to on or about April 15, 2014, SHAH, KHAN, BADSHAH, and CC-1 used a variety of means to evade paying income taxes upon the taxable income generated by NY Fried Chicken.

COUNT ONE
Conspiracy to Defraud the United States
(18 U.S.C. § 371)

The Grand Jury charges:

16.     The Grand Jury re-alleges and incorporates by referece paragraphs 1 through 15

of this Indictment.

17.     From in or about January 2009 to on or about April 15, 2014, in the District of

Massachusetts, and elsewhere, the defendants

AYAZ ALI SHAH,
MUHAMAD SIYAB KHAN,
KHURSHED JEHAN BADSHAH,

together with CC-1, and others, both known and unknown to the grand jury, did unlawfully,

voluntarily, intentionally and knowingly conspire, combine, confederate, and agree together and

with each other and with other individuals both known and unknown to the Grand Jury to

defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the

lawful Government functions of the IRS of the Treasury Department in the ascertainment,

computation, assessment, and collection of the revenue: to wit, income taxes owed based upon

the taxable income earned by the operation of NY Fried Chicken.

Objectives of the Conspiracy

18.     The purposes and objectives of the conspiracy were to conceal and disguise the true

status of NY Fried Chicken as a partnership from the IRS, to illegally lower the true business

income of NY Fried Chicken, and to illegally minimize and to evade altogether the assessment

and payment of each co-conspirator's share of income taxes owed to the IRS from income sourced

to their ownership of NY Fried Chicken.

4

Manner and Means fo the Conspiracy

19.   The manner and means by which SHAH, KHAN, BADSHAH, CC-1, and others accomplished the objectives of the conspiracy included, among other things, the following:

a.   Concealing the true ownership of NY Fried Chicken as a partnership jointly owned by SHAH, KHAN, BADSHAH, and CC-1 by not filing U.S. Returns of Partnership Income, Forms 1065, on the behalf of NY Fried Chicken;

b.   Fraudulently reporting NY Fried Chicken as a business solely owned by SHAH on a Schedule C (Sole Proprietorship) attached to his own Forms 1040;

c.   Failing to disclose each co-conspirator's true share of their income from NY Fried Chicken to their respective tax return preparers who prepared their U.S. Individual Income Tax Returns;

d.   Paying for business materials and supplies, i.e., the tangible items that were used or consumed during the operation of NY Fried Chicken, using cash;

e.   Failing to deposit cash gross receipts into the business bank account.

f.   Paying the co-conspirators their respective share of the partnership income in cash in order to conceal these payments from the IRS;

g.   Falsely underreporting NY Fried Chicken's business gross receipts, cost of goods sold, and net profit on Schedules C attached to SHAH's Forms 1040;

h.   Submitting or directing the submission of Forms W-2 to the IRS and another United States government agency that underreported the true income earned by KHAN and BADSHAH to conceal their partnership status from the IRS;

i.   Maintaining a secret set of accounting records for NY Fried Chicken which records apparently accurate information concerning business gross receipts,

5

cost of goods sold, and payments made to partners and failing to provide those accurate accounting records to the return preparers who prepared Schedule Cs attached to SHAH's Forms 1040;

j.  Causing to be filed false and fraudulent tax returns under the penalties of perjury.

Overt Acts Taken in Furtherance of the Conspiracy

20.     In furtherance of the conspiracy, and to accomplish its purposes and objects, at least one of the conspirators committed, or caused to be committed, the following overt acts, among others:

21.     On or about the dates set forth below, in the District of Massachusetts and elsewhere, SHAH, KHAN, BADSHAH, and CC-1 caused to be filed false and fraudulent tax returns as stated below:

| OVERT ACT | DEFENDANT(S)/ CO-CONSPIRATOR | TAX YEAR/ FORM | DATE FILED (ON OR ABOUT) | CLAIMED ITEM | CLAIMED AMOUNT |
|---|---|---|---|---|---|
| a. | D-1 AYAZ ALI SHAH | 2009 Form 1040 | March 22, 2010 | a) Schedule C, Line 1: Gross receipts<br><br>b) Schedule C, Line 4: Cost of goods sold<br><br>c) Schedule C, Line 31: Net profit | a) $93,344<br><br><br>b) $24,253<br><br><br>c) $28,874 |
| b. | D-1 AYAZ ALI SHAH | 2010 Form 1040 | March 30, 2011 | a) Schedule C, Line 1: Gross receipts<br><br>b) Schedule C, Line 4: Cost of goods sold<br><br>c)  Schedule C, Line 31: Net profit | a) $85,906<br><br><br>b) $23,600<br><br><br>c) $19,646 |

6

| OVERT ACT | DEFENDANT(S)/ CO-CONSPIRATOR | TAX YEAR/ FORM | DATE FILED (ON OR ABOUT) | CLAIMED ITEM | CLAIMED AMOUNT |
|---|---|---|---|---|---|
| c. | D-1 AYAZ ALI SHAH | 2011 Form 1040 | March 27, 2012 | a) Schedule C, Line 1: Gross receipts<br><br>b) Schedule C, Line 4: Cost of goods sold<br><br>c) Schedule C, Line 31: Net profit | a) $85,018<br><br>b) $22,810<br><br>c) $18,890 |
| d. | D-1 AYAZ ALI SHAH | 2012 Form 1040 | March 6, 2013 | a) Schedule C, Line 1: Gross receipts<br><br>b) Schedule C, Line 4: Cost of goods sold<br><br>c) Schedule C, Line 31: Net profit | a) $88,054<br><br>b) $23,930<br><br>c) $20,431 |
| e. | D-1 AYAZ ALI SHAH | 2013 Form 1040 | March 12, 2014 | a) Schedule C, Line 1: Gross receipts<br><br>b) Schedule C, Line 4: Cost of goods sold<br><br>c) Schedule C, Line 31: Net profit | a) $121,880<br><br>b) $40,160<br><br>c) $26,447 |
| f. | D-2 MUHAMAD SIYAB KHAN | 2009 Form 1040EZ | April 8, 2010 | a) Form 1040EZ, Line 4: adjusted gross income | a) $8,320 |
| g. | D-2 MUHAMAD SIYAB KHAN | 2010 Form 1040EZ | April 7, 2011 | a) Form 1040EZ, Line 4: adjusted gross income | a) $8,320 |
| h. | D-2 MUHAMAD SIYAB KHAN | 2011 Form 1040EZ | April 23, 2012 | a) Form 1040EZ, Line 4: adjusted gross income | a) $8,320 |
| i. | D-2 MUHAMAD SIYAB KHAN | 2012 Form 1040EZ | March 20, 2013 | a) Form 1040EZ, Line 4: adjusted gross income | a) $8,032 |

| OVERT ACT | DEFENDANT(S)/ CO-CONSPIRATOR | TAX YEAR/ FORM | DATE FILED (ON OR ABOUT) | CLAIMED ITEM | CLAIMED AMOUNT |
|---|---|---|---|---|---|
| j. | D-2 MUHAMAD SIYAB KHAN | 2013 Form 1040EZ | March 31, 2014 | a) Form 1040EZ, Line 4: adjusted gross income | a) $8,840 |
| k. | D-3 KHURSHED JEHAN BADSHAH | 2009 Form 1040EZ | February 15, 2010 | a) Form 1040EZ, Line 4: adjusted gross income | a) $7,624 |
| l. | D-3 KHURSHED JEHAN BADSHAH | 2010 Form 1040EZ | March 16, 2011 | a) Form 1040EZ, Line 4: adjusted gross income | a) $4,304 |
| m. | D-3 KHURSHED JEHAN BADSHAH | 2011 Form 1040EZ | March 12, 2012 | a) Form 1040EZ, Line 4: adjusted gross income | a) $4,720 |
| n. | D-3 KHURSHED JEHAN BADSHAH | 2012 Form 1040EZ | February 12, 2013 | a) Form 1040EZ, Line 4: adjusted gross income | a) $5,776 |
| o. | D-3 KHURSHED JEHAN BADSHAH | 2013 Form 1040 | April 12, 2014 | a) Form 1040, Line 37: adjusted gross income | a) $9,840 |
| p. | CC-1 | 2009 Form 1040 | October 8, 2010 | a) Form 1040, Line 37: adjusted gross income | a) $81,457 |
| q. | CC-1 | 2010 Form 1040 | February 9, 2012 | a) Form 1040, Line 37: adjusted gross income | a) $65,757 |
| r. | CC-1 | 2011 Form 1040 | August 15, 2012 | a) Form 1040, Line 37: adjusted gross income | a) $72,300 |

22.     From on or about January 1, 2013, to on or about July 17, 2013, SHAH, KAHN, and BADSHAH maintained a set of accounting records for NY Fried Chicken at their place of business.

All in violation of Title 18, United States Code, Section 371.

COUNTS TWO AND THREE
Willfully Subscribing a False Return
(26 U.S.C. § 7206(1))

The Grand Jury further charges that:

23.     The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 15
and 18 through 31 of this Indictment.

24.     On or about the dates set forth below, in the District of Massachusetts and
elsewhere, the defendant

AYAZ ALI SHAH,

did willfully make and subscribe U.S. Individual Income Tax Returns, Forms 1040, for the tax
years listed below, which were verified by written declaration that they were made under the
penalties of perjury and which were filed with the IRS, which the Defendant did not believe to be
true and correct as to every material matter, in that the returns, among other things, falsely
reported the business activities of NY Fried Chicken as a sole proprietorship, underreported NY
Fried Chicken's gross receipts, cost of goods sold, and net profit, whereas the Defendant then
and there well knew that the business activities of NY Fried Chicken should have been properly
reported on a Form 1065, Return of Partnership Income, and that NY Fried Chicken received
substantially more in gross receipts, paid substantially more in cost of goods sold, and earned
substantially more net profit than the claimed amounts, as stated below:

| COUNT | TAX YEAR/ FORM | DATE FILED (ON OR ABOUT) | FRAUDULENT/FALSE ITEMS | AMOUNT OF FRAUDULENT/FALSE ITEMS CLAIMED |
|---|---|---|---|---|
| 2 | 2012 Form 1040 | March 6, 2013 | a) Schedule C, Line 1: Gross receipts<br><br>b) Schedule C, Line 4: Cost of goods sold | a) $88,054<br><br>b) $23,930 |

| COUNT | TAX YEAR/ FORM | DATE FILED (ON OR ABOUT) | FRAUDULENT/FALSE ITEMS | AMOUNT OF FRAUDULENT/FALSE ITEMS CLAIMED |
|---|---|---|---|---|
| | | | c)  Schedule C, Line 31: Net profit | c) $20,431 |
| 3 | 2013 Form 1040 | March 12, 2014 | a) Schedule C, Line 1: Gross receipts | a) $121,880 |
| | | | b) Schedule C, Line 4: Cost of goods sold | b) $40,160 |
| | | | c)  Schedule C, Line 31: Net profit | c) $26,447 |

All in violation of Title 26, United States Code, Section 7206(1).

COUNTS FOUR AND FIVE
Aiding and Assisting in the Preparation and Presentation of a False and Fraudulent Return
(26 U.S.C. § 7206(2))

The Grand Jury further charges that:

25.     The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 15 and 18 through 31 of this Indictment.

26.     On or about the dates set forth below, in the District of Massachusetts and elsewhere, the defendant

MUHAMAD SIYAB KHAN,

did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a U.S. Individual Income Tax Returns for Single and Joint Filers with No Dependents, Forms 1040EZ, for the tax years listed below.  The returns were false and fraudulent as to a material matter, in that the returns, among other things, falsely reported his adjusted gross income, whereas the Defendant then and there well knew that his adjusted gross income was substantially more than the claimed amounts, as stated below:

| COUNT | TAX YEAR/ FORM | DATE FILED (ON OR ABOUT) | FRAUDULENT/FALSE ITEMS | AMOUNT OF FRAUDULENT/FALSE ITEMS CLAIMED |
|---|---|---|---|---|
| 4 | 2012 Form 1040EZ | March 20, 2013 | a) Form 1040EZ, Line 4: adjusted gross income | a) $8,032 |
| 5 | 2013 Form 1040EZ | March 30, 2014 | a) Form 1040EZ, Line 4: adjusted gross income | a) $8,840 |

All in violation of Title 26, United States Code, Section 7206(2).

COUNTS SIX AND SEVEN
Willfully Subscribing a False Return
(26 U.S.C. § 7206(1))

The Grand Jury further charges that:

27.     The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 15 and 18 through 31 of this Indictment.

28.     On or about the dates set forth below, in the District of Massachusetts and elsewhere, the defendant

KHURSHED JEHAN BADSHAH,

did willfully make and subscribe a U.S. Individual Income Tax Return, Form 1040, and an Income Tax Return for Single and Joint Filers with No Dependents, Form 1040EZ, for the tax years listed below, which were verified by written declaration that they were made under the penalties of perjury and which were filed with the IRS, which the Defendant did not believe to be true and correct as to every material matter in that the returns, among other things, falsely reported his adjusted gross income, whereas the Defendant then and there well knew that his adjusted gross income was substantially more than the claimed amounts, as stated below:

| COUNT | TAX YEAR/ FORM | DATE FILED (ON OR ABOUT) | FRAUDULENT/FALSE ITEMS | AMOUNT OF FRAUDULENT/FALSE ITEMS CLAIMED |
|---|---|---|---|---|
| 6 | 2012 Form 1040EZ | February 13, 2013 | a) Form 1040EZ, Line 4: Adjusted gross income | a) $5,776 |
| 7 | 2013 Form 1040 | April 12, 2014 | a) Form 1040, Line 37: Adjusted gross income | a) $9,840 |

All in violation of Title 26, United States Code, Section 7206(1).

A TRUE BILL

FOREPERSON of the Grand Jury

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

MARK MCDONALD
THOMAS VORACEK
Tax Division Trial Attorneys

District of Massachusetts: April 2 , 2019
Returned into the District Court by the Grand Jurors and filed.

DEPUTY CLERK

14